IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CITY OF SHREVEPORT,** § § | |
| **Plaintiff,** § § | |
| v. § § | Case No. |
| **SYSTEMS & SOFTWARE, INC., and** § | 5:17-cv-00589-RGJ-MLH |
| **N. HARRIS COMPUTER COMPANY,** § § § | |
| **Defendants.** § § | |

## DEFENDANT SYSTEMS & SOFTWARE, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Systems & Software, Inc. ("S&S") hereby files its Answer to Plaintiff's Petition affirmative defenses as follows:

### ANSWER

### Parties, Jurisdiction & Venue

1. S&S admits that Plaintiff has purported to name S&S and "N. Harris Computer Company" as the defendants in its Petition, but denies that the parties have been identified correctly. S&S avers that the latter has been improperly identified in that the correct name of the party is "N. Harris Computer Corporation." S&S further denies that either defendant is liable to Plaintiff under any theory set forth in the Petition. S&S admits the remaining allegations in Paragraph 1 of the Petition.

2. S&S admits the allegations set forth in Paragraph 2 of the Petition.

3. S&S admits the allegations set forth in Paragraph 3 of the Petition.

4. S&S denies the allegations set forth in Paragraph 4 of the Petition.

5. Paragraph 5 of the Petition sets forth a legal conclusion to which no response is required. S&S avers that this case has been removed to the Western District of Louisiana, Shreveport Division, which has subject matter jurisdiction over this matter.

6. Paragraph 6 of the Petition sets forth a legal conclusion to which no response is required. S&S avers that this case has been removed to the Western District of Louisiana, Shreveport Division, which is the proper venue for this matter.

## Background Allegations

7. S&S admits the allegations set forth in Paragraph 7 of the Petition.

8. S&S admits the allegations set forth in Paragraph 8 of the Petition.

9. S&S admits the allegations set forth in Paragraph 9 of the Petition.

10. S&S denies the allegations set forth in Paragraph 10 of the Petition.

11. S&S admits the allegations set forth in Paragraph 11 of the Petition.

12. S&S denies the allegations set forth in Paragraph 12 of the Petition.

## Systems & Software, Inc. Management and Delivery Responsibilities

13. S&S admits the allegations set forth in Paragraph 13 of the Petition.

14. S&S admits the allegations set forth in Paragraph 14 of the Petition.

15. Paragraph 15 of the Petition contains a legal conclusion to which no response is required. S&S avers that the terms and conditions of any written agreement among the parties speaks for itself.

16. S&S denies Plaintiff's characterization and simplification of the terms of the parties' written agreements, as set forth in Paragraph 16 of the Petition. S&S avers that the terms and conditions of any written agreement among the parties speaks for itself.

17. S&S denies the allegations set forth in Paragraph 17 of the Petition.

18. S&S denies the allegations set forth in Paragraph 18 of the Petition.

19. S&S denies the allegations set forth in Paragraph 19 of the Petition.

### Breach of Contract

20. S&S denies the allegations set forth in Paragraph 20 of the Petition.

21. S&S denies the allegations set forth in Paragraph 21 of the Petition.

22. S&S denies the allegations set forth in Paragraph 22 of the Petition.

23. S&S denies the allegations set forth in Paragraph 23 of the Petition.

24. S&S denies the allegations set forth in Paragraph 24 of the Petition.

25. S&S denies the allegations set forth in Paragraph 25 of the Petition.

26. S&S denies the allegations set forth in Paragraph 26 of the Petition.

27. S&S denies the allegations set forth in Paragraph 27 of the Petition.

28. S&S denies the allegations set forth in Paragraph 28 of the Petition.

S&S denies the allegations contained in the Petition's Prayer. S&S denies that Plaintiff is entitled to any of the relief sought in the Petition, and requests that upon trial or other final hearing on this matter, Plaintiff takes nothing, that judgment be entered against Plaintiff on all of its claims, and that the Court grant to S&S the recovery of any and all costs, attorney's fees, expenses and such other and further relief to which S&S may be justly entitled.

**Unless specifically admitted herein, S&S denies the allegations contained in the Petition.**

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's purported damages, if any, were caused in whole or in part by acts, events, and/or conditions beyond S&S's control.

3. Plaintiff's purported damages, if any, were caused in whole or in part by the conduct of third parties outside S&S's control.

4. Plaintiff's purported damages, if any, were caused in whole or in part by Plaintiff's own conduct.

5. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

6. Plaintiff's claims and purported damages, if any, are barred in whole or in part, and/or limited by the terms of the parties' contracts, including the "End User License and Support Agreement."[1]

7. S&S specifically reserves the right to amend this Answer and its Affirmative Defenses to incorporate facts not yet known to it, which may be discovered during the course of these proceedings.

## CONCLUSION AND PRAYER

For the above reasons, S&S prays that Plaintiff take nothing by way of its Petition, that judgment be entered against Plaintiff on all of its claims, and that the Court grant to S&S the recovery of any and all costs, attorney's fees, expenses and such other and further relief to which S&S may be justly entitled.

---

[1] Included in the Petition's Exhibit A. (R. Doc. 1-1).

Respectfully submitted,

By: */s/Emily E. Eagan*
**EMILY E. EAGAN, (LA. BAR NO. 29166)**
**GIEGER, LABORDE, & LAPEROUSE, L.L.C**
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:	(504) 561-0400
Facsimile:	(504) 561-1011
Email:	eeagan@glllaw.com
***ATTORNEYS FOR DEFENDANTS, SYSTEMS & SOFTWARE, INC., and N. HARRIS COMPUTER CORPORATION***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties through their counsel of record via the Court's CM/ECF system, which will cause a notice of electronic filing to be sent to all counsel of record on May 8, 2017:

Julie Mobley Lafargue
Reginald W. Abrams
330 Marshall Street, Suite 1020
Shreveport, LA 71101

	*/s/ Emily E. Eagan*
	EMILY E. EAGAN